IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JEFFREY M. PARENT, #A6025710, | CIV. NO. 18-00504 JAO-RLP |
| Plaintiff, | ORDER DISMISSING COMPLAINT AND DENYING MOTION FOR |
| vs. | INJUNCTIVE RELIEF |
| STATE OF HAWAII, DEP'T OF PUBLIC SAFETY, OCCC, | |
| Defendants. | |

Before the court is pro se Plaintiff Jeffrey M. Parent's prisoner civil rights Complaint, Motion for Order Showing Need for Unrestricted Access to Courts; and Expansion for Law Library Sessions (Motion for Injunction), and Ex Parte Application Under Fed. R. Civ. P. LR 7.2(b)(d) (Ex Parte Application). *See* ECF Nos. 1, 4, 8. Parent seeks injunctive relief requiring the Hawaii Department of Public Safety (DPS) and the Oahu Community Correctional Center (OCCC) to schedule him for twelve to sixteen hours of law library sessions per week, and ensure that his legal mail is uncensored and treated as privileged correspondence.

For the following reasons, Parent's Complaint is DISMISSED with leave to amend. Parent's Motion for Injunction and Ex Parte Application are DENIED.

# I. BACKGROUND

Parent commenced this action on December 26, 2018, by filing a document titled "Ex Parte Motion" and "Civil Complaint," pursuant to 42 U.S.C. § 1983. ECF No. 1. As noted, the Complaint seeks an order compelling prison officials to provide Parent with at least twelve to sixteen hours per week in the law library and provide him unrestricted postage, paper, pens, envelopes, and copies for his legal documents. Parent says he was "advised that he must file a petition to invoke the courts recognition of Pro Se status, In Forma Paupris [sic] status." *Id.*, PageID #3. Parent suggests that, without these accommodations, he is or will be denied full access to the courts. Although the court granted Parent in forma pauperis status, it has not yet screened his Complaint as required under 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

On January 23, 2019, Parent filed the Motion for Injunction requesting the same relief as he seeks in his Complaint. Parent states that he is scheduled for law library sessions "at the standard set time of 3 hours per sessions," but complains that he is sometimes brought to the library thirty minutes late and removed fifteen minutes early. *See* Pl. Dec., ECF No. 5. Parent also complains that he cannot comply with the Local Rules for the District of Hawaii because he is not provided white, opaque paper and manila envelopes.

On January 30, 2019, Parent filed his Ex Parte Application, requesting the same relief as his Complaint and Motion for Injunction. In this filing, however, Parent states that he is currently receiving "approx. 4-5 hours only" in the prison law library. Parent also attaches two envelopes to his Ex Parte Application, purportedly showing that the prison does not consider mail directed to the court and other government agencies, including the Hawaii Attorney General, Hawaii Paroling Authority, and the Office of the Ombudsman, as privileged. *See* Exs., ECF Nos. 8-3, 8-4.

## II. **STATUTORY SCREENING**

The court must conduct a pre-Answer screening of all prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Under Rule 12(b)(6), a complaint must "contain sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the Parent can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III. DISCUSSION

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must also allege that he suffered a specific injury as a result of a particular defendant's conduct and an

affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

## A. Right of Access to the Courts

"Prisoners have a constitutional right of access to the courts." *Silva v. Di Vittorio*, 658 F.3d 109, 1101 (9th Cir. 2011) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). "In some instances, prison authorities must even take affirmative steps to help prisoners exercise their rights." *Id.* at 1102 (citation and internal quotation marks omitted). The Ninth Circuit identifies two types of access-to-court claims: "those involving prisoners' right to affirmative assistance and those involving prisoners' rights to litigate without active interference." *Silva*, 658 F.3d at 1102.

With respect to a prisoner's right to assistance, the right of access to the courts "requires prison authorities to assist inmates in the preparation and filing of meaningful legal papers by providing prisoners with adequate law libraries or adequate assistance from persons trained in the law." *Bounds*, 430 U.S. at 828. This right is limited to the pleading stage, which encompasses "the preparation of a complaint and the preparation of any filings necessary 'to rebut the State's arguments when a court determines that a rebuttal would be of assistance.'" *Silva*,

5

658 F.3d at 1102 (quoting *Cornett v. Donovan*, 51 F.3d 894, 899 (9th Cir.1995)).

With respect to a prisoner's right to be free from interference, the right of access to the court "includes the right to file other civil actions in court that have a reasonable basis in law or fact." *Id.* at 1102 (citing, inter alia, *McDonald v. Smith*, 472 U.S. 479, 484 (1985)). This right forbids the state from "erect[ing] barriers that impede the right of access of incarcerated persons." *Id.* at 1102-03 (citations and internal quotation marks omitted).

In either case, the prisoner must show that he suffered an "actual injury" from a "specific instance" where he was denied access to the court. *Lewis v. Casey*, 518 U.S. 343, 349 (1996); *Sands v. Lewis*, 886 F.2d 1166, 1171 (9th Cir. 1989). In other words, a claim for deprivation of the constitutional right of access to the courts must allege both the underlying cause of action, whether that action is merely anticipated or already lost, and the official acts that frustrated the litigation. *Christopher v. Harbury*, 536 U.S. 403, 415-16 (2002).

**B.     Analysis**

First, Parent identifies no instance when he was actually denied access to any state or federal court. Parent was apparently able to file his initial pleading, in

forma pauperis application, and a cover letter in this action without event.[1]  He cannot, therefore, argue that OCCC prison officials denied him assistance by failing to provide him expanded law library sessions, paper, pen, envelopes, copies, or postage.  *See Silva*, 658 F.3d at 1102.  Parent was also able to file his Motion for Injunction, Ex Parte Application, Declarations in support of each, certificates of service, letters to the Clerk, and copies of these documents without apparent interference from prison officials.  *See* ECF Nos. 4 through 8-4.  Parent has missed no deadlines in this action and does not allege that he has been prevented from filing documents or has missed deadlines in any other pending case.

Second, the court has granted Parent's in forma pauperis application and recognizes his pro se status.  ECF No. 3.  This is primarily the relief he seeks in his Complaint and Motion for Injunction, so that he can request additional law library hours or indigent status for the provision of copies, postage, and stationery.  *See* Compl., ECF No. 1, PageID #2 (requesting order showing "Pro Se Representation" and indigent status); *see also* DPS Policy No. COR.12.02 (providing a means for indigent inmates to receive copies, postage, stationery, and additional access to the law library when they provide proof of an active lawsuit).

---

[1]Parent signed his pleadings on December 20, 2018 and they were filed on December 26, 2018.

Third, this court has previously found that the DPS policy providing inmates three hours of library time per week with the possibility of additional time is constitutional and provides "meaningful access to the courts." *Martinez v. Espinas*, 938 F. Supp. 650, 655 (D. Haw. 1996). In *Martinez*, the court also held that the DPS policy at issue, COR 12.02, was an internal guideline, not an administrative rule, that was not binding on DPS, *id.* at 654, and noted that it was aware of no authority that required correctional facilities to provide library time to inmates in excess of three hours per week, *id.* at 655. This court is aware of no precedent requiring prisons to provide more than three hours per week in the law library to inmates, and notes that the current DPS Policy No. 12.02, which is publicly available, is substantially similar to the policy in effect when *Martinez* was decided. *See* http://dps.hawaii.gov/wp-content/uploads/2012/10/COR.12.02. Moreover, in his Ex Parte Application, Parent admits that he is actually receiving four to five hours per week in the prison law library, which exceeds the minimum three hours that DPS policy provides.

Parent fails to state sufficient, plausible facts showing that he was denied constitutionally adequate access to the courts, either by insufficient law library access, copies, postage, or stationery. Accordingly, the Complaint is DISMISSED with leave granted to amend pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

## IV. MOTION FOR INJUNCTION AND EX PARTE APPLICATION

Parent seeks an injunction providing him greater access to the law library, unlimited white opaque paper and manila envelopes for preparing his legal filings, and ensuring that his legal mail is "uncensored and protected as privilege to and from courts, attorneys for other matters in other cases pending in this honorable court, letters to experts, witnesses, and legal parties and a log of all legal mail in and out of facility." Pl. Dec., ECF No. 5.

To qualify for a preliminary injunction, a plaintiff must demonstrate: (1) a likelihood of success on the merits, (2) a likelihood of irreparable harm, (3) a balance of hardships that favors the plaintiff, and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Alternatively, under the sliding scale approach, a plaintiff must demonstrate (1) serious questions on the merits, (2) a likelihood of irreparable harm, (3) the balance of hardships tips sharply in the his favor, and (4) an injunction is in the public interest. *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1135 (9th Cir. 2011).

Most requested injunctions are prohibitory, meaning they seek to maintain the status quo and prohibit the enjoined party from engaging in identified activities. *Garcia v. Google, Inc.*, 786 F.3d 733, 740 (9th Cir. 2015) (en banc). In contrast, a

mandatory injunction "orders a responsible party to take action." *Id.* (quotation omitted). Mandatory injunctions are "particularly disfavored." *Id.* (quotation omitted). In seeking a mandatory injunction, a party "must establish that the law and facts clearly favor [his] position, not simply that [he] is likely to succeed." *Id.*

A preliminary injunction is "an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (quotation and emphasis omitted). Additionally, in the context of a civil action challenging prison conditions, injunctive relief "must be narrowly drawn, extend no further than necessary to correct the harm the court finds requires preliminary relief, and be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2). The court must give "substantial weight to any adverse impact on public safety or the operation of a criminal justice system caused by the relief." 18 U.S.C. § 3626(a)(1)(A), and respect the principles of comity set out in § 3626(a)(1)(B).

Parent fails to show by clear and convincing evidence that he is entitled to a mandatory injunction requiring prison officials to change their law library, indigent, and mail policies based on his supposed needs.

Additionally, even referring to Parent's exhibits attached to his Ex Parte Application as support for his allegations in the Motion for Injunction, Parent fails

to allege any instance when prison officials improperly interfered with his mail, legal or otherwise. Rather, he only alleges that two of his documents, that have since been received and filed by this court, were returned to him with notations that they are not considered privileged correspondence. He does not allege that they were opened or read outside of his presence.

Inmates retain "a protected First Amendment interest in having properly marked legal mail opened only in their presence." *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9th Cir. 2017); *see also Mangiaracina v. Penzone*, 849 F.3d 1191, 1196–97 (9th Cir. 2017). Prison officials may, however, "open and inspect – but not read – legal mail sent to an inmate." *Nordstrom v. Ryan*, 762 F.3d 903, 909 (9th cir. 2014) (quoting *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974) ). Mail to and from a court or other government agency is not normally considered "legal mail," however. *See O'Keefe v. Van Boening*, 82 F.3d 322, 326 (9th Cir. 1996) (a prison need not treat all mail sent to/from government agencies and officials as legal mail); *Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996) (concluding that mail from the courts, as contrasted to mail from a prisoner's lawyer, is not legal mail), *amended by* 135 F.3d 1318 (9th Cir. 1998); *Mann v. Adams*, 846 F.2d 589, 590-91 (9th Cir. 1988) (per curiam ) (holding mail from public agencies and officials, civil rights groups, and the news media is not legal mail and may be

11

opened outside prisoners' presence).  Parent fails to demonstrate by clear and convincing evidence that he is entitled to injunctive relief regarding the handling of his mail.

Finally, Parent is notified that he may use any color paper that is 8 ½" by 11," as long as his filings are written on one side only, and are legible.  He need not mail his documents to the court in a manilla envelope.  Parent's Motion for Injunction and Ex Parte Application are DENIED.

## V.  **LEAVE TO AMEND**

The Complaint is DISMISSED with leave granted to amend.  Parent may file an amended complaint on or before March 11, 2019, that cures the deficiencies in his claims.  Parent may not expand his claims beyond those already alleged or add new claims, without an explanation regarding how those new claims relate to the claims alleged in the original Complaint.

Parent must comply with the Federal Rules of Civil Procedure and the Local Rules for the District of Hawaii, particularly LR10.3, which requires an amended complaint to be complete in itself without reference to any prior pleading.  An amended complaint must be short and plain, comply with Rule 8 of the Federal Rules of Civil Procedure, and be submitted on the court's prisoner civil rights form.  An amended complaint will supersede the preceding complaint.  *See*

*Ramirez v. Cty. of San Bernadino*, 806 F.3d 1002, 1008 (9th Cir. 2015); LR99.7.10. Defendants not renamed and claims not realleged in an amended complaint may be deemed voluntarily dismissed. *See Lacey v. Maricopa Cty.*, 693 F.3d 896, 928 (9th Cir. 2012). If Parent fails to timely file an amended complaint that cures the deficiencies in his claims, this action may be dismissed and that dismissal may count as a "strike" under 28 U.S.C. § 1915(g).[2]

## IV. CONCLUSION

(1) The Complaint is DISMISSED for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1).

(2) Parent may file an amended pleading that cures the deficiencies in his claims on or before March 11, 2019.

(3) The Clerk is directed to send Parent a blank prisoner civil rights complaint form so that he can amend his complaint.

(4) If Parent fails to timely amend his pleadings this suit may be AUTOMATICALLY DISMISSED without further notice.

---

[2] 28 U.S.C. § 1915 (g) states:

> if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

(5) Parent's Motion for Order Showing Need for Unristricted [sic] Access to Courts; and Expansion for Law Library Sessions and Ex Parte Application are DENIED.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, February 11, 2019.



Jill A. Otake
United States District Judge

*Parent v. State*, No. 1:18-cv-00504 JAO-RLP; scrg '19 (dsm C lv amd dny inj. rlf)