IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| JEFFREY M. PARENT, #A6025710, | ) | CIV. NO. 18-00504 JAO-RLP |
| | ) | |
| Plaintiff, | ) | ORDER DISMISSING AMENDED |
| | ) | COMPLAINT AND ACTION |
| vs. | ) | PURSUANT TO 28 U.S.C. |
| | ) | §§ 1915(e)(2) and 1915A(a) |
| HAWAII DEP'T OF PUBLIC SAFETY, et al., | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Before the court is pro se Plaintiff Jeffrey M. Parent's first amended complaint (FAC), brought pursuant to 42 U.S.C. § 1983. ECF No. 12. Parent names the Hawaii Department of Public Safety (DPS), and Oahu Community Correctional Center (OCCC) Officer Sgt. Pili, physician Dr. Moreano, and Warden Francis Sequeira as Defendants in their individual and official capacities.

For the following reasons, the FAC and this action are DISMISSED. Parent's claims in Count I, relating to his mail to the court, are DISMISSED with prejudice for Parent's failure to state a colorable claim for relief. Parent's two new claims, alleging the failure to protect him from assault by another inmate (Count II), and denial of adequate dental care thereafter (Count III), are DISMISSED without prejudice, as improperly joined in this action.

## I. BACKGROUND

Parent commenced this action on December 20, 2018, when he signed his initial pleading and in forma pauperis application and gave them to prison authorities to mail to the court.[1] *See* ECF Nos. 1, 1-1, & 2 (signed and mailed Dec. 20, 2018). Although Parent styled his pleading as an ex parte motion, the court liberally construed it as a complaint pursuant to Rules 2 and 3 of the Federal Rules of Civil Procedure, so that it could open a civil action and address Parent's constitutional claims and request for in forma pauperis status.

In his Complaint, Parent alleged that he was being denied sufficient time in the prison law library. Parent later supplemented his pleading with several motions, letters, and declarations, each reiterating that he required additional time in the law library and complaining that his mail to the court was not being treated as confidential, privileged legal mail. *See* ECF Nos. 5, 8-10.

On February 12, 2019, the court dismissed the Complaint with leave to amend for Parent's failure to state a colorable claim for relief regarding the alleged denial of access to the court or interference with his mail to the court. Order, ECF No. 11. In granting leave to amend, the Order explicitly stated, "Parent may not

---

[1]*See Houston v. Lack*, 487 U.S. 266, 271 (1988) (explaining that prisoners legal documents are deemed filed when prisoner delivers them to prison authorities for filing by mail, known as the "prison mailbox rule"); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009).

expand his claims beyond those already alleged or add new claims, without an explanation regarding how those new claims relate to the claims alleged in the original Complaint." *Id.*, PageID #48. The court also denied Parent's motions for injunctive relief.

On March 13, 2019, Parent filed the FAC, which expands his claims well beyond those alleged in the original Complaint. Parent realleges his claim that prison officials, specifically Sgt. Pili, refuse to consider his mail to the court as privileged, legal mail, which he alleges violates his constitutional right to confidential communication with the court (Count I). The FAC raises two new claims, first alleging that prison officials failed to prevent Parent's assault by another inmate on or about December 23, 2018 (Count II), and second, that Dr. Moreano denied him adequate dental care to repair or replace a crown dislodged during that assault (Count III).

Parent seeks injunctive relief requiring DPS to treat correspondence to the court as privileged, confidential legal mail, and modify its procedures regarding the inmate housing and classification policy to utilize inmates' medical reports to segregate mentally ill inmates from the general population. He also seeks $10,000 in damages to repair his crown.

# I. **STATUTORY SCREENING**

The court conducts a pre-Answer screening of all prisoners' pleadings pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a). Claims or complaints that are frivolous, malicious, fail to state a claim for relief, or seek damages from defendants who are immune from suit must be dismissed. *See Lopez v. Smith*, 203 F.3d 1122, 1126-27 (9th Cir. 2000) (en banc); *Rhodes v. Robinson*, 621 F.3d 1002, 1004 (9th Cir. 2010).

Screening under §§ 1915(e)(2) and 1915A(a) involves the same standard of review as that used under Federal Rule of Civil Procedure 12(b)(6). *See Watison v. Carter*, 668 F.3d 1108, 1112 (9th Cir. 2012); *Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012). Under Rule 12(b)(6), a complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* The "mere possibility of misconduct" or an "unadorned, the defendant-unlawfully-harmed me accusation" falls short of meeting this plausibility standard. *Id.* at 678-79; *see also Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

Pro se litigants' pleadings must be liberally construed and all doubts should

be resolved in their favor. *Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citations omitted). The court must grant leave to amend if it appears the Parent can correct the defects in the complaint, *Lopez*, 203 F.3d at 1130, but if a claim or complaint cannot be saved by amendment, dismissal with prejudice is appropriate. *Sylvia Landfield Tr. v. City of L.A.*, 729 F.3d 1189, 1196 (9th Cir. 2013).

### III. **DISCUSSION**

To state a colorable claim under 42 U.S.C. § 1983, a plaintiff must allege: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). A plaintiff must also allege that he suffered a specific injury as a result of a particular defendant's conduct and an affirmative link between the injury and the violation of his rights. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 692 (1978); *Rizzo v. Goode*, 423 U.S. 362, 371-72, 377 (1976).

**A.     Count I**

Parent says that Sgt. Pili's refusal to treat his mail to the court as privileged, confidential legal mail violates his First Amendment right to communicate confidentially with the court. He suggests that this DPS policy "makes a prisoner vulnerable to retaliation by prison staff, obstructing the administration of justice."

5

FAC, ECF No. 12, PageID #56.

Prisoners possess a First Amendment right to send and receive mail in a manner consistent with legitimate penological objectives. *Shaw v. Murphy*, 532 U.S. 223, 231 (2001); *Nordstrom v. Ryan*, 856 F.3d 1265, 1271-72 (9th Cir. 2017) ("*Nordstrom II*"). But inmates' right to send and receive mail "is subject to 'substantial limitations and restrictions in order to allow prison officials to achieve legitimate correctional goals and maintain institutional security.'" *Prison Legal News v. Lehman*, 397 F.3d 692, 699 (9th Cir. 2005) (citation omitted); *Nordstrom II*, 856 F.3d at 1272 (citing *Wolff v. McDonnell*, 418 U.S. 539, 577 (1974) (holding that prison officials may open, but not read, incoming legal mail in the presence of the inmate)).

Mail to and from the courts, as opposed to mail to and from an inmate's attorney, is not considered "legal mail" and is not afforded the same heightened protection reserved for legal mail under federal law. *See Wolff*, 418 U.S. at 576 (stating legal mail must be marked as from an attorney); *Hayes v. Idaho Corr. Ctr.*, 849 F.3d 1204, 1211 (9thCir. 2017) (defining inmates' legal mail as "properly marked" mail to and from attorneys and prospective attorneys, and holding the First Amendment does not prohibit opening non-legal mail, such as mail from the courts, outside of inmates' presence); *Hamilton v. Dep't of Corr.*, 43 F. App'x 107,

107 (9th Cir. 2002) (holding that, regardless of whether state law protects confidential correspondence between prisoners and certain public officials and agencies, "no such federal constitutional right exists"); *see also Keenan v. Hall*, 83 F.3d 1083, 1094 (9th Cir. 1996), amended, 135 F.3d 1318 (9th Cir. 1998); *Pitts v. Tuitama*, 2017 WL 3880653, at *5 (D. Haw. Sept. 5, 2017).

Parent has no constitutional right to have his mail to the court marked as legal mail and treated as confidential. Parent alleges no facts showing that (1) Pili (or any other prison staff) retaliated against him; (2) he was denied access to the court because his mail to the court was not treated as legal mail; or (3) Pili or the DPS policy caused him any injury. Parent again fails to state sufficient, plausible facts showing that he was denied access to the courts or otherwise suffered a constitutional violation by Sgt. Pili or any DPS policy concerning his mail to the court. Because further amendment to this claim is futile, Count I is DISMISSED with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(a).

**A.     Counts II and III**

Parent alleges that he was assaulted by another inmate on or about December 23, 2018 (Count II), and has since been denied dental care to repair or replace a crown dislodged during that assault. As noted above, Parent constructively filed the Complaint in this action on December 20, 2018, three days *before* he alleges

that he was assaulted. Although Parent submitted six documents after he filed the Complaint, all in support of his allegations in the Complaint regarding the alleged mishandling of his mail and the denial of adequate law library time, he never mentioned the December 23, 2018 assault within these documents. Until Parent filed the FAC, nearly three months after he commenced this action, he never asserted that he was seeking relief for that assault.

In a letter that Parent submitted with his FAC, Parent addresses his new claims by saying that he did not intend his original pleading and numerous documents in support of his allegations to be construed as his Complaint. *See* Letter, ECF No. 12-1 (dated Mar. 3, 2019). Rather, Parent says these documents were simply his

> efforts to address issues that came-up in my attempts to prepare the original complaint *involving the assault*. My main complaint was not mentioned, as again, previous motions were not a part of my original complaint. However, because the Judge treated it as a complaint, I'm doing my best to conform to her Honor's requirements, and Order.

*Id.* (emphasis added). That is, Parent alleges that he only complained about the DPS mail policy in his original pleading, because the policy allegedly prevented him from raising his claims regarding the alleged assault and denial of adequate dental care. Parent composed, signed, and mailed the original pleading on December 20, however, three days *before* he alleges that he was assaulted on

8

December 23, 2018. Parent's new claims regarding the alleged assault and denial of dental care cannot, therefore, be related to his original claims.

Under the Federal Rules of Civil Procedure, a plaintiff may properly join as many claims as he has against an opposing party. Fed. R. Civ. P. 18(a). But parties may be joined as defendants in one action only "if any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). Put simply, claims against different parties may be joined together in one complaint only if the claims have similar factual backgrounds and have common issues of law or fact. *Coughlin v. Rogers*, 130 F.3d 1348, 1350-51 (9th Cir. 1997). Parent's new claims do not arise out of the same transaction and occurrence as his original claims, nor do they involve the same parties. Parent does not explain how his claims against Sgt. Pili and DPS generally regarding the handling of his mail have any relation to his claims that Warden Sequeira failed to prevent his assault and Dr. Moreano failed to provide him adequate dental care. He may not insert these new claims against these new defendants into this action. Counts II and III are therefore DISMISSED without prejudice to Parent raising them in a new action or actions.

## IV. <u>28 U.S.C. § 1915 (g)</u>

28 U.S.C. § 1915 (g) states:

In no event shall a prisoner bring a civil action or appeal a judgment in a civil action . . . if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

Plaintiff is notified that, because the FAC did not cure the deficiencies in his original Complaint, this dismissal may count as a strike under § 1915 (g).

## V. <u>CONCLUSION</u>

(1) The First Amended Complaint and this action are DISMISSED pursuant to 28 U.S.C. §§ 1915(e)(2) & 1915A(b)(1). Parent's claims in Count I are dismissed with prejudice for failure to state a claim and his claims in Counts II and III are dismissed without prejudice as improperly brought in this action.

(2) Any pending motions are DENIED.

(3) This dismissal may later count as a strike under 28 U.S.C. § 1915(g).

(4) The Clerk is directed to enter judgment and terminate this action.

IT IS SO ORDERED.

DATED: Honolulu, Hawaiʻi, April 16, 2019



Jill A. Otake
United States District Judge

*Parent v. State*, No. 1:18-cv-00504 JAO-RLP